# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 26, 2001

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

No. 00-3848

| | |
|---|---|
| A.I. CREDIT CORPORATION, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| *v.* | No. 99 C 10 |
| LEGION INSURANCE CO., et al., <br>     *Defendants-Appellees*. | Allen Sharp, <br> *Judge*. |

## O R D E R

Upon consideration of the petition for rehearing filed September 25, 2001 and answer filed October 19, 2001, our opinion dated September 12, 2001 is amended as follows:

The last two sentences in the first full paragraph on page 8 of the slip opinion are deleted and the following text is substituted:

A jury could further find that this conduct violated a duty that arose out of the borrower-lender relationship between Monon and A.I. Credit and the special relationship between McPherson and the MRM companies and A.I. Credit arising out of a course of dealing in prior years whereby McPherson provided the information concerning Monon's insurance needs and A.I. Credit relied on it. *See, e.g., Wells*,

691 N.E.2d at 1251 (constructive fraud may arise from buyer-seller relationship); *Epperly v. Johnson*, 734 N.E.2d 1066, 1074 (Ind. Ct. App. 2000) (constructive fraud action must be premised on "special relationship").

The words, "a duty may have existed in these circumstances if Monon's insurance contract with Legion obligated Legion to provide accurate policy information to third-party finance companies like A.I. Credit and McPherson breached that duty by providing Rago or Carroll with incorrect information." in the sentence beginning on page 9 and ending on page 10 of the slip opinion are deleted and the following text is substituted:

the same course of conduct from which a jury could find a duty in the context of constructive fraud would support a finding of a duty to provide accurate information to A.I. Credit. A jury could find that McPherson breached that duty by providing Rago or Carroll with incorrect information.

In all other respects the petition for rehearing is DENIED.

IT IS SO ORDERED